HEATHER A. MORGAN (SB# 177425)
AMANDA BOLLIGER CRESPO (SB# 250292)
CLAIRE A. HOFFMANN (SB# 292584)
heathermorgan@gbgllp.com
amandacrespo@gbgllp.com
clairehoffmann@gbgllp.com
GRUBE BROWN & GEIDT LLP
633 West 5th Street, Suite 3330
Los Angeles, CA  90071
Telephone:  (213) 358-2810
Facsimile:  (213) 358-2820

Attorneys for Defendants
KAISER FOUNDATION HEALTH PLAN, INC.;
KAISER FOUNDATION HOSPITALS; and
THE PERMANENTE MEDICAL GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNELL GAMBLE, on behalf of herself as well as a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC; KAISER FOUNDATION HOSPITALS, INC.; and THE PERMANENTE MEDICAL GROUP; all doing business as KAISER PERMANENTE MEDICAL CARE PROGRAM,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; AND THE PERMANENTE MEDICAL GROUP'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Alameda County Superior Court Case No. RG16826717)<br><br>Complaint Filed: August 9, 2016<br>FAC Filed: March 10, 2017<br>SAC Filed: October 20, 2017 |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT Defendants KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; and THE PERMANENTE MEDICAL GROUP (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California.  This action is one over which this Court has original jurisdiction under federal question jurisdiction pursuant to 28 U.S.C. § 1331, and may be removed to this Court pursuant to 28 U.S.C. § 1441(a), because (a) it is a civil action; and (b) it arises under the laws of the United States — specifically, 42 U.S.C. § 1981.

## I.   THE STATE COURT ACTION.

On or about August 9, 2016, Plaintiff Lunell Gamble ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Alameda ("Superior Court") entitled "*Lunell Gamble v. Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals, Inc.; and The Permanente Medical Group; all doing business as Kaiser Permanente Medical Care Program*," designated as Case No. RG16826717 (the "Action").  A true and correct copy of Plaintiff's Complaint in the Action is attached to the Declaration of Amanda Bolliger Crespo ("Crespo Decl.") as Exhibit A.  *See* Crespo Decl. ¶ 3, Exhibit A ("Compl.").[1]  The Complaint alleged violations of the Fair Employment and Housing Act, California Government Code § 12940, *et seq*. ("FEHA").  *See* Compl. ¶¶ 16-20.

On November 22, 2016, Defendants filed a Demurrer to Plaintiff's Complaint ("Demurrer").  *See* Crespo Decl. ¶ 4, Exhibit B.  On February 7, 2017, Judge Ioana Petrou of Alameda County Superior Court sustained Defendants' Demurrer with leave to amend.  *Id*. ¶ 5, Exhibit C.

---

[1] In accordance with 28 U.S.C. § 1446(a), the Complaint and all other publicly-available process, pleadings, or orders in this action also are attached to this Notice as Exhibit A.

Case No. _____          -1-          DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

88612626.3

On or about March 10, 2017, Plaintiff filed a First Amended Complaint ("FAC") in the Action. *See* Crespo Decl. ¶ 6, Exhibit D. The FAC alleged race discrimination, age discrimination, and retaliation in violation of the FEHA. *See* FAC ¶¶ 28-42.

On April 27, 2017, Defendants filed a Demurrer to Plaintiff's First Amended Complaint ("Demurrer to FAC") and Motion to Strike Allegations in Plaintiff's First Amended Complaint ("Motion to Strike FAC"). *See* Crespo Decl. ¶ 7, Exhibits E and F. At the hearing on Defendants' Demurrer to FAC and Motion to Strike FAC, Plaintiff requested leave to amend her FAC to add claims under 42 U.S.C. § 1981. Crespo Decl., ¶ 8. On July 31, 2017, Judge Petrou sustained Defendants' Demurrer to FAC with leave to amend and granted their Motion to Strike FAC with leave to amend. *Id.*, Exhibit G and H. Judge Petrou did not order Plaintiff to amend her FAC to allege claims under federal law, but gave Plaintiff leave to add a federal claim under 42 U.S.C. § 1981. *See* Crespo Decl. ¶ 8, Exhibit G at 2 ("Plaintiff *may* allege one additional cause of action beyond those already asserted in her First Amended Complaint, for violation of 42 U.S.C. § 1981.") (emphasis added).

On October 20, 2017, Plaintiff filed a Second Amended Complaint ("SAC"). *See* Crespo Decl. ¶ 9, Exhibit I. The SAC alleges on behalf of Plaintiff and others the following purported causes of action against Defendants: (1) class-based race and age discrimination in violation of Government Code § 12940, *et seq*. and 42 U.S.C. § 1981; (2) age discrimination in violation of California Government Code § 12940, *et seq*.; and (3) class-based retaliation in violation of California Government Code § 12900, *et seq*. and 42 U.S.C. § 1981. Plaintiff served the SAC on Defendants via email on October 20, 2017. *See* Crespo Decl. ¶ 10, Exhibit I at 27.[2]

**II.   THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THE ACTION.**

Plaintiff alleges claims arising under the Civil Rights Act, 42 U.S.C. § 1981. Accordingly, original federal question jurisdiction exists under 28 U.S.C. § 1331 because federal law creates the cause of action. *See, e.g., Wilburn v. Bracher*, No. 2:15-cv-00699-TLN-GGH,

---

[2] The Proof of Service is labeled "Page 21," but appears on the 27th page of the document, after page 26.

1  2015 WL 6163575, at *5 (E.D. Cal. Oct. 19, 2015) ("Plaintiff's complaint asserts federal claims against defendants for violation of 42 U.S.C. §§ 1981 …. Accordingly, the court has subject matter jurisdiction over plaintiff's complaint based on the existence of a federal question."); *Wolfstein v. Morgan, Lewis & Bockius LLP*, No. CV 15-7150 PA (AFMx), 2015 WL 6394472, at *9 (C.D. Cal. Oct. 21, 2015), *aff'd*, 692 F. App'x 831 (9th Cir. 2017), *cert. denied*, No. 17-6102, 2017 WL 4270033 (U.S. Oct. 30, 2017) ("Plaintiff's inclusion of a claim for civil rights violations under 42 U.S.C. §§ 1981 … created a proper basis for removal.")

### A. Plaintiff's Voluntary Action in Filing an Amended Complaint Asserting Federal Causes of Action Made This Matter Removable.

A case which is not removable when commenced can only become removable by a voluntary act by the plaintiff. *Self v. General Motors Corp.*, 588 F.2d 655, 659-60 (9th Cir. 1978) (the "power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case is non-removable when commenced shall afterwards become removable depends … solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion."). "Voluntary action exists where the plaintiff voluntarily amends his pleadings or where the plaintiff agrees to voluntarily dismissal or nonsuit of the nondiverse defendants." *Unterleitner v. Basf Catalysts LLC*, No. 16-cv-00818-JSC, 2016 WL 805167, at *2 (N.D. Cal. Mar. 2, 2016) (citing *Self*, 588 F.2d at 659). For example, "an amendment to the pleadings that adds a claim under federal law (where only state claims had been framed before) … opens a new window of removal." *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005); *see also Savilla v. Speedway SuperAmerica, LLC*, 91 F. App'x 829, 831 (4th Cir. 2004) ("Because Appellants' notice of removal was filed after Savilla's complaint was amended to include federal civil rights claims, removal was proper under 28 U.S.C.A. § 1446(b)"). By contrast, involuntary actions, such as the dismissal of a non-diverse defendant through a grant of summary judgment, do not cause a case to become removable. *See Unterleitner*, 2016 WL 805167, at *2 (citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992)); *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119 (N.D. Cal. 2011) (same as to demurrer *without* leave to amend).

Here, this matter became removable based on federal question jurisdiction when Plaintiff "voluntarily amend[ed] [her] pleadings" to add claims under federal law. *Unterleitner*, 2016 WL 805167, at *2. Plaintiff's addition of federal claims (i.e., her First and Third Causes of Actions in the SAC asserting claims under 42 U.S.C. § 1981) was voluntary in that the Court permitted – but did not require – Plaintiff to make that amendment. *See* Crespo Decl. ¶ 8, Exhibit G at 2 ("Plaintiff *may* allege one additional cause of action beyond those already asserted in her First Amended Complaint, for violation of 42 U.S.C. § 1981.") (emphasis added). Further, because "only state claims had been framed before" (i.e., the FAC only asserted claims under FEHA), Plaintiff's voluntary addition of federal section 1981 claims "open[ed] a new window of removal." *Knudsen*, 411 F.3d at 807. Accordingly, the Action became removable on October 20, 2017, the date that Plaintiff filed her SAC.

### B.  Plaintiff's Federal and State Claims Derive From a Common Nucleus of Operative Fact.

This Court has supplemental jurisdiction over Plaintiff's remaining state statutory claims under 28 U.S.C. § 1367. Plaintiff's federal and state claims "derive from a common nucleus of operative fact" – namely, Defendants' alleged pattern and practice of employment discrimination. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1359 (9th Cir. 1988) ("The power of a federal court to decide pendent claims is 'wide-ranging.'"). The state law claims therefore "form part of the same case or controversy under Article III of the United States Constitution," giving the Court supplemental jurisdiction over them. 28 U.S.C. § 1367(a).

### III.  SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §§ 1441(A) AND 1446.

In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Alameda County Superior Court. True and correct copies of the Notice to the Superior Court of Removal of Civil Action and the Notice to Adverse Parties of Removal of Civil Action are attached to the Crespo Declaration as Exhibits J and K, respectively. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

This Notice of Removal is timely. It is filed within thirty (30) days of service of the SAC, making this matter removable pursuant to 28 U.S.C. § 1446(b).

Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Superior Court where the removed case was pending is located within this District.

## IV. CONCLUSION

Defendants respectfully request that this Court exercise its removal jurisdiction over this action. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the Court on the basis for this removal.

Accordingly, Defendants hereby remove the above action now pending before the Superior Court for the State of California for the County of Alameda to this Court.

DATED: November 16, 2017          GRUBE BROWN & GEIDT LLP


By:   /s/ Amanda Bolliger Crespo
         AMANDA BOLLIGER CRESPO

Attorneys for Defendants
KAISER FOUNDATION HEALTH PLAN, INC.;
KAISER FOUNDATION HOSPITALS; and THE
PERMANENTE MEDICAL GROUP