**Jeremy L. Friedman**
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

January 19, 2018

Amanda Bolliger Crespo **VIA ELECTRONIC COMMUNICATION ONLY**
Grube Brown & Geidt LLP
601 Montgomery Street, Suite 1150
San Francisco, CA 94111
<{F5300}.GBGLLP@bb6f1.imanage.work>

**RE**: **Gamble *etc.* v. Kaiser Foundation Health Plan, *et al.*, Case No. 4:17-cv-06621-YGR**

Dear Amanda:

I have had an opportunity to review your meet and confer letter of January 16, 2018, with respect to the amended class action complaint filed in the federal court. As you know, I am not available at this time to provide Kaiser with our position on the many points you raise. That being said, my review of your correspondence did not leave me with any impression that we would voluntarily dismiss any of the referenced claims.

Given my current deadline and your plans as referenced in the letter, I do not think it is going to be possible for us to have a thorough exploration of the dispute before the date currently set for the filing of Kaiser's motion. Since that date was set by the Court's order based upon the stipulation you drafted, I am fairly certain Kaiser could obtain additional time. We would stipulate to such an extension.

At this time, however, I did want to comment on one portion of your letter to me, in reference to the California Anti-SLAPP statute. As you know, after receiving your prior communication, we filed an amended complaint, removing allegations of unlawful litigation tactics from the FEHA claim. As written, those allegations are raised in connection with federal claims only. While the California statute applies to state claims asserted in federal court, it does not apply to claims based on federal law. *United States ex rel. Newsham v. Lockheed Missiles and Space Co.*, 190 F.3d 963 (9th Cir. 1999); *Hilton v. Hallmark Cards*, 599 F.3d 894, 900-01 (9th Cir. 2010).

Kaiser should not understand our voluntary amendment to be an admission that Ms. Gamble's employment discrimination claims in reference to Kaiser's litigation tactics in fact arise from any act by Kaiser in furtherance of its right of petition in connection with a public issue. In fact, as you likely already know, the California Supreme Court recently made clear that C.C.P. §425.16 does not provide for a special motion to strike in an action such as the one brought by Ms. Gamble here.

> As we explain, a claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity itself is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted. Because the Court of Appeal ruled to the contrary, holding a claim alleging a discriminatory decision is subject to a motion to strike so long as protected speech or petitioning activity contributed to that decision, we reverse. [*Park v. Bd. of Trs. of Cal. State Univ.*, 2 Cal. 5th 1057, 1060-61 (2017).]

Although we have confidence that Ms. Gamble's allegations would withstand a motion to strike under §425.16, after your prior communication threatened a motion under California's anti-SLAPP statute, we voluntarily amended the complaint to avoid any possible imposition of attorneys fees against Ms. Gamble under the California statute. *See* §425.16(c). Kaiser's abuse of the California statute in this instance is particularly offensive to the underlying purposes of the statute: to protect the rights of persons who participate in First Amendment activity to be free from meritless claims filed solely to chill that activity. Here, Kaiser's threat of fees against Ms. Gamble – even though the statute is inapplicable – has caused her to voluntarily drop a meritorious state law claim.

In your letter, you appear to continue this unreasonable and, in our view, unlawful tactic of threatening a motion under the California anti-SLAPP statute, this time pointed towards Ms. Gamble's amended federal court class action complaint. Any attempt to raise the statute in this instance would be utterly frivolous, and made only to intimidate Ms. Gamble into dropping her claims. As such, if Kaiser does in fact raise the California statute, Ms. Gamble will be entitled to, and will claim, fees incurred in defending the motion under §425.16(c).

Thank you for your consideration of these matters.

Yours truly,

/s/Jeremy L. Friedman
Jeremy L. Friedman

JLF:wp