Jeremy L. Friedman, CA Bar No. 142659
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road.
Oakland, Ca. 94610
Tel: (510) 530-9060
Fax: (510) 530-9087

Attorney for plaintiffs and putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNELL GAMBLE, and SHEILA KENNEDY, on behalf of themselves as well as a class of similarly situated individuals,<br><br>    Plaintiff<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC; KAISER FOUNDATION HOSPITALS, INC.; and THE PERMANENTE MEDICAL GROUP; all doing business as KAISER PERMANENTE MEDICAL CARE PROGRAM<br><br>    Defendants | Case No. 4:17-cv-06621-YGR<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' RULE 16 MOTION FOR AN ORDER ADDRESSING SETTLEMENT POSTURE AND POTENTIAL CONFLICT OF INTERESTS**<br><br>(Per ECF 103, parties to be notified if a hearing will be required.)<br><br>Hon. Yvonne Gonzalez Rogers |

Jeremy L. Friedman declares and states:

1. I am attorney of record for named plaintiffs and the putative class in this case. I make this declaration in support of plaintiffs' Rule 16 motion concerning the parties' settlement posture and potential conflicts of interest. It is based upon my own personal knowledge. If called as a witness, I would and could testify competently to the following matters.

2. Employment discrimination litigation has been one of the three principal focuses of my 30 years of practice. Since I began my legal career, I have had at least one employment discrimination action pending on my docket of cases at any one time. My specialty in this arena is the ability to take an employment case from intake, through trial and appeal, on my own or with select association of counsel. As a sole practitioner, I cannot assume more than one or two such cases at a time, and so must plan carefully around which I take, how long they develop and whether association is required. Several of my most significant employment discrimination actions were against Kaiser, including race and disability discrimination actions on behalf of African-American women. Litigating these cases against Kaiser over the past two decades has taught me an enormous amount about Kaiser's structure, employment practices and legal defenses, and settlement tactics.

3. I was one of the attorneys representing plaintiffs and the putative class in Hill v. Kaiser Foundation Health Plan, Inc., Case No. 3:10-cv-02833-LB (initially assigned to Judge Seeborg). The dispute over Kaiser's settlement tactics in that case resulted in substantial post-settlement proceedings over waiver of attorneys' fees. As a result of that effort, I have modified the approach to settlement and fees in this case, including additional language in client retainer agreements, and the decision to bring this Rule 16 motion.

4. As is typical in discrimination actions, plaintiffs Gamble and Kennedy required legal representation by experienced counsel such as myself, but they were unable to pay my high hourly rate on a non-contingent basis. It was therefore necessary for them to find an attorney willing to take their cases on a contingent basis. Moreover, legal fees in their cases against Kaiser were expected to quickly outpace plaintiffs' damages. In my experience,

Declaration of Counsel in Support of Rule 16 Motion – Page 1

there are no limits on the amount of legal resources Kaiser might require of my in my litigations against it. Plaintiffs could not have secured my representation on a pure-contingency fee basis, tied to a percentage of their recovery.

5. As expressly discussed and agreed upon orally, and as written into the retainer agreements, I agreed to represent plaintiffs as clients, conditioned on their assignment of rights to recover any and all statutory fees which may be awarded by judgment or settlement in the action. In the written agreement, plaintiffs agreed:

> All attorneys' fees recovered pursuant to any statutory or common law fee-shifting provisions, Federal and California, for work done in connection with this litigation are property of the attorneys, as provided by California law (*Flannery* v *Prentice*) and shall not be regarded as property of the client.

6. Each agreement contained the following clause concerning assignment and the potential conflict of interest that might arise during settlement discussions:

> The Court may order, or the parties to the litigation may agree, that the defendants will pay some or all of attorneys' fees, costs, or both. Any such order or agreement will not affect Client's obligations under this agreement except as stated in this Section regarding calculation of the amount of attorneys' fees owed under this agreement and as stated in Section 6. Client agrees that any attorneys' fees that may be recovered from defendants in this case shall belong to Attorneys, to whom Client assigns her rights. Client understands that, under California law, the assignment of these rights may raise a potential conflict of interest between Client and Attorneys in the context of settlement agreements. This includes Attorneys right to claim, negotiate and settle any claim to statutory fees simultaneously with the representation of Client in the prosecution of her claims. Client has been advised of this potential conflict, of her option of seeking additional legal counsel in connection with this conflict, and Client expressly agrees to this assignment.

7. The retainer agreements also included an acknowledgment of the contingent nature of the representation, and its impact on the calculation of reasonable fees.

> Client has been given the choice of paying monthly for attorneys' fees on an hourly rate basis and for costs, as an alternative to a contingent fee. Client understands that if she chooses to pay fees on an hourly rate basis, rather than a contingent fee basis, she must pay all fees and costs even if the claims are lost. Clients knowingly and voluntarily agrees to pay fees on a contingent fee basis, or have statutory fees paid at a rate that is a multiple of Attorneys' then-current noncontingency hourly rate (*Ketchum v. Moses*), because fees are not paid before any amount is recovered and Client will not owe any attorneys' fees if she does not prevail against defendants.

8. In Section 6, the retainer agreements detailed the arrangement between plaintiffs and counsel during settlement:

> It is agreed that no settlement of these claims may be made without Client's prior agreement. If, in settlement of this litigation, Client waives the right to recover attorneys' fees, costs or expenses (including partial waivers or compromises) without the consent of Attorneys, Client agrees to pay Attorneys: for waiver of fees, Attorneys' lodestar amount (their then-current hourly rate, as stated in section 5, as of the date of recovery times the number of hours expended on the case) times a contingent-risk multiplier of 2.0; and for waiver of costs, all of the costs advanced by attorneys in this case, whether or not a positive recovery is made by Client. Client understands that this agreement may give rise to potential disputes and conflicts between Attorneys and Client at the time of settlement, and in particular, where the defendants offer a settlement conditioned on the waiver, partial waiver or compromise of fees or costs and Attorneys are unwilling to agree to the waiver, partial waiver or compromise. Client understands that this agreement to pay the difference between Attorneys' statutory fees and costs and the amount of fees and costs paid in settlement may limit, or even nullify Client's recovery, and dissuade her from agreeing to a settlement with the defendants. Client has been advised of the option of seeking additional legal counsel on the topic. Client expressly agrees to this provision because she knows that otherwise Attorneys would be unwilling to enter into this agreement.

9. In addition to these contractual provisions, as a rule I protect against actual conflicts of interest during settlement discussions, by refusing to negotiate against my clients over "lump sum" offers. In all of my employment discrimination cases, I attempt first to negotiate a resolution of the clients' recoveries, independent of the claim to fees. For planning purposes, at the start of settlement discussions I may inform defendants or the settlement judge about my current hourly rates, the time I have expended to date, and my expectations on risk multipliers. In some particular situations, based on specific factors, I voluntarily am willing to facilitate a settlement by reducing or capping my claim to statutory fees. By and large, I will not attempt to settle fees while simultaneously representing my clients in discussions over settlement of damages.

10. After extensive experience litigating discrimination actions against Kaiser, as well as the failed mediation effort concerning plaintiff Gamble, I can attest to the policy and practice of Kaiser to avoid or reduce its liability by trying to pit plaintiffs' counsel against their own clients during settlement discussions. Often hidden behind a non-existent veil of

"settlement confidentiality," Kaiser often will

- Offer "lump sum" settlements covering plaintiffs' damages and counsel's statutory attorneys' fees, insisting that opposing parties and their counsel fight between themselves as to how the "lump sum" should be split.
- Insist that plaintiffs and counsel waive the right to claim statutory attorneys' fees, arguing that counsel is in breach of ethical obligations towards the client if he holds up a settlement due to fees.
- Refuse to negotiate over attorneys' fees in good faith, consistent with the adjusted lodestar methodology required under Title VII and FEHA, while simultaneously it rejects the submission of fees to the Court for determination.

11. Following the failed mediation effort between Kaiser and plaintiff Gamble, I wrote a demand letter to Kaiser's attorneys, specifically so that there would be a record of plaintiff's settlement posture outside any mediation privilege. A true and accurate copy of this demand letter is attached hereto as Exhibit A. Although we had hoped to engage Kaiser in settlement discussions, and at least obtain an offer of settlement on damages uncoupled from a demand to waive fees, Kaiser refused to respond to the settlement demand.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of May, 2019.

/s/Jeremy L. Friedman
Jeremy L. Friedman

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Clerk of the Court for the Northern District of California, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Jeremy L. Friedman
Jeremy L. Friedman