**Jeremy L. Friedman**
Attorney at Law

2801 Sylhowe Road
Oakland, CA 94602
510-530-9060 - Fax 530-9087

**CONFIDENTIAL SETTLEMENT COMMUNICATION**[1]

October 20, 2017

Amanda Bolliger Crespo          **VIA ELECTRONIC COMMUNICATION ONLY**
Grube, Brown and Geitd, LLP
601 Montgomery Street, Suite 1150
San Francisco, CA 94111

> RE: **Gamble v. Kaiser Foundation Health Plan,** *et al.***, No. RG16826717**
> **Alameda County Superior Court**

Dear Amanda

After several rounds of pleading battles, this litigation is set to enter a new phase. In light of Kaiser's position on the demurrers and the motion to strike, in order to address Kaiser's systemic problem of race discrimination in employment, Lunell Gamble is ready to prosecute this case as a class action. Following on the heels of the *Hill* litigation, we were surprised to find Kaiser insisting on the class mechanism. And yet, as I have come to know in my own litigations against Kaiser for employment discrimination, how the employer chooses to spend time and resources on defense is a realm beyond the plaintiff's sphere of influence. What Ms. Gamble and her counsel can influence is our own commitment to the litigation.

It would make economical sense – in terms of Kaiser's interests – to attempt in good faith to reach a settlement of Ms. Gamble's litigation claims before the prosecution of class claims. Ms. Gamble's valuation of her individual damage claims will only be strengthened by the information learned on class claims. More importantly, even if Ms. Gamble's damage demands were likely to stay in the same or similar ballpark, our attorneys' fees and costs will increase dramatically. In order to resolve this litigation through a settlement, Kaiser will need to reach agreement with my client on her damages, and independently pay reasonable statutory attorneys' fees under FEHA – either through a settlement with the attorneys or the court's adjudication.

---

[1] Privilege claimed to the extent of Rule 408 of the Federal Rules of Civil Procedure. This settlement demand is not made in association with or pursuant to the parties' mediation.

To date, after opposing Kaiser's motions, the drafting of pleadings and the participation in a mediation, my time is only slightly above 200 hours. As you know from attorney time records in the *Hill* case, even though I am efficient in my work on Kaiser litigation, I am likely to spend thousands of hours in the prosecution of a class action. For these reasons, we wanted to present Kaiser with a written settlement offer of Ms. Gamble's claims, so it can decide whether it wants to resolve the litigation at this stage.

Our expert calculates Ms. Gamble's economic losses to be close $392,000, which includes $139,000 in past economic losses, plus $253,000 in future losses, running from today. By the time Ms. Gamble's claims go to trial or are settled at a later stage, much of her future losses will move over to the past loss column. In addition, Ms. Gamble suffered substantial emotional distress as a result of her unlawful termination after more than 16 years working as a loyal Kaiser employee. Such damages, as well as the possibility of punitive damages, indicates that a high value for Ms. Gamble's individual claims.

In order to facilitate a settlement at this stage of the litigation, Ms. Gamble is willing to settle her claim for damages at $190,000. Even though Ms. Gamble's case is one of the strongest in my extensive practice against Kaiser, this demand is consistent with what has been demanded and paid by Kaiser in settlement. In fact, it is below the amounts paid in settlement to employees with similar tenures at Kaiser.

This demand will not remain open after Kaiser responds to the class action complaint. Indeed, this offer of settlement is made expressly with the statement that Ms. Gamble and I evaluate her claims to be worth substantially more than $190,000 in settlement value. In any reasonable settlement negotiations, I would have expected Ms. Gamble's bottom line to be in excess of $250,000. That number is reasonable, in light of the extent of Ms. Gamble's damages, and the statistical evidence we know exists showing Kaiser involuntarily terminates African American s out of proportion to their incumbency in the work force. Nonetheless, in light of the current posture, Ms. Gamble is willing at this moment to compromise her claims for $190,000.

If Kaiser is interested in this settlement, I will negotiate attorneys' fees or cooperate to have the amount of reasonable fees under FEHA resolved by the Court. Even with a full 2.0 contingent risk multiplier, at my current 2017 hourly rate, my fees would be only $320,000. I would be willing to agree to a lower lodestar enhancement of 1.5 in the event that Kaiser accepts Ms. Gamble's demand by November 10, 2017.

We would urge Kaiser to accept the demand made by Ms. Gamble at this stage, rather than rely upon a bag of tricks it may intend to play on her in the future. Although Kaiser may have hoped otherwise, at no point will the attorney and Ms. Gamble be in conflict over settlement. Nor will I ever advise my client based upon my interest in fees, or negotiate against her over settlement funds. If Kaiser is unwilling to consider meaningful settlement offers at this time, our only option and obligation is to prosecute the matter until it is fully resolved.

Thank you for your attention to this matter.

Yours truly,

/s/Jeremy L. Friedman
Jeremy L. Friedman

JLF:wp