# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNELL GAMBLE, ET AL.,** | CASE NO. 17-cv-06621-YGR |
| Plaintiffs, | **ORDER GRANTING UNOPPOSED MOTION FOR ONE DAY EXTENSION OF TIME ON BRIEFING OF RULE 16 MOTION** |
| vs. | |
| **KAISER FOUNDATION HEALTH PLAN, INC., ET AL.,** | Dkt No. 109 |
| Defendants. | |

The motion (Dkt. No. 109) of plaintiffs to continue the briefing schedule set by the Court's Order of May 3, 2019 (Dkt. No. 103) is **GRANTED** as unopposed. The Court notes that no good cause was shown for a last-minute request for extension. Plaintiffs' counsel indicates that he was aware of his schedule conflict upon issuance of the May 3rd Order yet did not request an extension until the day his brief was due. Further, the Court notes that plaintiffs' counsel failed to submit a proposed order in connection with his motion and failed to submit a proposed order with the motion he filed on May 22, 2019 (Dkt. No. 110).

The Court has concerns about plaintiffs' counsel's ability to represent the putative class based on his history of requesting extensions due to insufficient resources and overscheduling, and counsel's lack of compliance with the Court's local rules. (*See, e.g.*, Dkt. No. 26 [noting that he is a solo practitioner and unable to perform work in this case due to appellate briefs and a trial in Boston]; Dkt. No. 49 [seeking lengthy extension due to appellate briefs, trial, family vacation]; Dkt. No. 56 [seeking extension of "24-48 hours" on the day the briefs were due]; Dkt. No.83 [requesting two-week extension due to press of work on other cases preventing completion of supplemental briefing requested by Court]; Dkt. No. 109 [requesting extension on the day brief was due based upon attendance at an investiture and reception in the District and out-of-state travel].) Further requests for extension by plaintiffs' counsel will be denied unless made with a

substantial basis, in a timely manner in advance of any deadline, and with an explanation of what additional resources counsel has sought to comply with his responsibilities in this action.

Further, plaintiffs' counsel is **DIRECTED** to refamiliarize himself with the Civil Local Rules of this District and the Standing Orders of the undersigned, and to adhere to those rules in future filings. *See, e.g.*, Civil L.R. 5-1(g) [submission of proposed order to judge's proposed order email]; 7-2(c) [proposed orders], 7-11(a) [proposed order required on administrative motion, as well as stipulation or declaration as to why stipulation could not be obtained].

Plaintiffs' counsel shall take steps to remedy these issues. Continued failure to do so may result in imposition of sanctions and, if not remedied, may be considered, if appropriate, with respect to appointment to represent the class.

**IT IS SO ORDERED.**

Dated: May 24, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**