Jeremy L. Friedman, CA Bar No. 142659
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road.
Oakland, Ca. 94610
Tel: (510) 530-9060
Fax: (510) 530-9087

Attorney for plaintiffs and putative class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNELL GAMBLE, and SHEILA KENNEDY, on behalf of themselves as well as a class of similarly situated individuals,<br><br>    Plaintiff<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC; KAISER FOUNDATION HOSPITALS, INC.; and THE PERMANENTE MEDICAL GROUP; all doing business as KAISER PERMANENTE MEDICAL CARE PROGRAM<br><br>    Defendants<br>_____ | Case No. 4:17-cv-06621-YGR<br><br>**SUPPLEMENTAL DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' RULE 16 MOTION AND IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**<br><br>(Per ECF 103, parties to be notified if a hearing will be required.)<br><br>Hon. Yvonne Gonzalez Rogers |

Jeremy L. Friedman declares and states:

1. I am attorney of record for named plaintiffs and the putative class in this case. I make this declaration in support of plaintiffs' Rule 16 motion concerning the parties' settlement posture and potential conflicts of interest. This declaration also supports plaintiffs' Administrative Motion for leave to file exhibits under seal. It is based upon my own personal knowledge. If called as a witness, I would and could testify competently to the following matters.

2. In my previous declaration, I attested to the policy and practice of Kaiser to avoid or reduce its liability by trying to pit plaintiffs' counsel against their own clients during settlement discussions, often hidden behind a veil of "settlement confidentiality." This was based in part on my experiences, including the failed mediation effort concerning plaintiff Gamble. In the Rule 16 moving papers, plaintiffs referred to the possible application of a mediation privilege, and refrained from seeking admission of communications between plaintiffs' counsel and the mediator. *See* ECF 110, at 7, n1; ECF 111, ¶10. In the opposition, however, attorney for Kaiser testified that she and her colleagues did not refer to counsel's ethical obligations, and did not argue that those obligations required counsel to compromise statutory fees during settlement discussions. Correspondence between myself and the mediator following the mediation contradicts that testimony, at least to the extent reflected in the mediator's communications.

3. Attached hereto, and filed along with the administrative motion for leave to file under seal, are true and accurate copies of the subject correspondence. Exhibit A is an October 18, 2017 letter from the mediator following the mediation session, addressing issues relevant to the pending Rule 16 motion. Exhibit B is an October 20, 2018, letter from me in response.

4. As noted in the mediator's letter, the communication was intended to be confidential, subject to Evidence Code §§1115-1128, 1152; and Rule 408 of the Federal Rules of Evidence. After reviewing Kaiser's opposition to the motion, I concluded that the California mediation privilege at §1119 did not apply. Prior to the mediation, the Superior

Court granted leave to amend to plead a claim under federal law, 42 U.S.C. §1981. It was my understanding that, if a settlement was reached at mediation, Kaiser would have demanded Ms. Gamble release all federal and state law claims. Moreover, by the time of my letter to the mediator, plaintiff Gamble had already amended to include her federal claim, as well as class allegations. Finally, the exhibits would not be inadmissible under Rule 408, as they are not admitted to prove or disprove the validity or amount of a disputed claim. Despite these legal conclusions, there may be some uncertainty over confidentiality of the correspondence, which the mediator clearly intended. Because of the possibility that the Court may find a privilege, and/or to protect the expectations of the mediator, plaintiffs request that the Court grant leave to file them under seal on this non-dispositive motion.

5. At the telephone conference with the ADR coordinator in this case, I stated the wisdom of attempting early settlement discussions in this case, prior to the Court's ruling on Kaiser's motions to dismiss and to strike. I stated that, rather than have this case go to class certification, Kaiser is likely to want to settle with named plaintiffs by offering them settlement of their individual claims. Consistent with the position taken by Kaiser in opposition to the Rule 16 motion, Kaiser's counsel on the phone mentioned that counsel would be required under ethical rules to settle named plaintiffs' claims if directed by the plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of June, 2019.

/s/Jeremy L. Friedman  
Jeremy L. Friedman

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed with the Clerk of the Court for the Northern District of California, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I hereby also certify that I filed Exhibits A and B to this supplemental declaration under temporary seal, and that I served a PDF version of those exhibits upon defendants' counsel, at the email address listed in the Court's CM/ECF system.

<u>/s/ Jeremy L. Friedman</u>
Jeremy L. Friedman