# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNELL GAMBLE, ET AL.,** | CASE NO. 17-cv-06621-YGR |
| Plaintiffs, | |
| vs. | **ORDER DENYING PLAINTIFFS' RULE 16 MOTION FOR AN ORDER ADDRESSING SETTLEMENT POSTURE AND POTENTIAL CONFLICT OF INTERESTS; STAYING ACTION; DIRECTING PLAINTIFFS' COUNSEL TO FILE STATUS STATEMENT** |
| **KAISER FOUNDATION HEALTH PLAN, INC., ET AL.,** | |
| Defendants. | Dkt No. 110 |

Plaintiffs Lunell Gamble and Sheila Kennedy are the named plaintiffs in this putative class action alleging claims arising under Title VII, 42 U.S.C. §2000e *et seq.*, and the California Fair Employment and Housing Act ("FEHA"), Govt. Code §12900 *et seq.* Plaintiffs bring this unusual motion pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's inherent powers to control the conduct of attorneys who appear in proceedings before it. Plaintiffs seek an order dictating in advance the parameters of any settlement negotiations with defendants.[1] Perhaps more importantly, the motion requests that the Court give its imprimatur to plaintiffs' counsel's fee agreement and confirm that it poses no conflict of interest with the named plaintiffs or the class.

As further detailed herein, plaintiffs' counsel has included in his fee agreement an express assignment of rights to negotiate statutory fees separate from plaintiffs' damages, as well as retention of the right to agree to the settlement of statutory fees separate from his clients. Plaintiffs' counsel represents to the Court that, because defendants insist on a waiver of statutory

---

[1] Among other things, plaintiffs request the Court order that: (1) during any settlement discussions with defendants, the parties negotiate plaintiffs' damages separate from statutory attorney fees; and (2) if the parties' reach an agreement on plaintiffs' damages but are unable to reach an agreement on reasonable statutory attorneys' fees, the attorneys' fee issue will be submitted to the Court for resolution.

attorneys' fees as part of any settlement, his clients would be obligated to pay him twice his lodestar directly in the event of settlement per the terms of his retainer agreement. Plaintiffs' counsel seeks the Court's determination whether the agreement creates a conflict of interest. Indeed, during the April 22, 2019 case management conference, counsel indicated that he would not want to continue with the case if the Court determined that the agreement would put him in conflict with his clients. (TR at 21:2-13.)

Having carefully considered the papers in support of and in opposition to the motion and the admissible evidence[2], and good cause appearing, the Court **ORDERS** as follows:

The motion for an order requiring attorneys' fees to be separately negotiated or determined by the Court in connection with a settlement is **DENIED**. No court has the authority to dictate the terms of settlement, even of a class action. *Evans v. Jeff D.*, 475 U.S. 717, 726 (1986) ("Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *see also Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998) ("Neither the district court nor [courts of appeals] have the ability to delete, modify or substitute certain [settlement] provisions."), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Plaintiffs offer no authority to support the relief they seek in this regard.

The Court further **ORDERS** that this action is **STAYED** and that plaintiffs shall file a statement regarding how they will proceed in light of the Court's determination that putative class counsel would not be adequate due to the inherent conflict of interest created by plaintiff's counsel's retainer agreement. The reasons follow.

## I. TERMS OF THE AGREEMENTS

According to plaintiffs' counsel, the retainer agreements between him and the plaintiffs state:

United States District Court
Northern District of California

---

[2] Defendants' objections to the declaration of Jeremy Friedman (Dkt. No. 111) are ruled on as follows: Objections 1-5 are **OVERRULED.** Counsel, as a party to the agreement, can state the contents of the document. Objection 6 is **SUSTAINED** as speculative.

> All attorneys' fees recovered pursuant to any statutory or common law fee-shifting provisions, Federal and California, for work done in connection with this litigation are property of the attorneys, as provided by California law (*Flannery* v *Prentice*) and shall not be regarded as property of the client.

(Declaration of Jeremy Friedman, Dkt. No. 111, ¶ 5.) At the same time, the agreements purport to provide for attorneys' fees to be paid **either** on a contingent basis **or** by statutory fee award:

> Client has been given the choice of paying monthly for attorneys' fees on an hourly rate basis and for costs, as an alternative to a contingent fee. Client understands that if she chooses to pay fees on an hourly rate basis, rather than a contingent fee basis, she must pay all fees and costs even if the claims are lost. ***Clients knowingly and voluntarily agrees to pay fees on a contingent fee basis, or have statutory fees paid at a rate that is a multiple of Attorneys' then-current non[-]contingency hourly rate*** (*Ketchum v. Moses*), because fees are not paid before any amount is recovered and Client will not owe any attorneys' fees if she does not prevail against defendants.

(*Id*. at ¶ 7, emphasis supplied.) However, pursuant to Section 6 of the retainer agreements, quoted below, the provision to pay fees on a contingent or statutory fee award basis *does not apply* if the client waives attorneys' fees as part of a settlement. Rather, the client must pay Mr. Friedman twice his lodestar:

> It is agreed that no settlement of these claims may be made without Client's prior agreement. ***If, in settlement of this litigation, Client waives the right to recover attorneys' fees***, costs or expenses (including partial waivers or compromises) without the consent of Attorneys, ***Client agrees to pay Attorneys: for waiver of fees, Attorneys' lodestar amount*** (their then-current hourly rate, as stated in section 5, as of the date of recovery times the number of hours expended on the case) ***times a contingent-risk multiplier of 2.0***; and for waiver of costs, all of the costs advanced by attorneys in this case, ***whether or not a positive recovery is made by Client.*** Client understands that this agreement may give rise to potential disputes and conflicts between Attorneys and Client at the time of settlement, and in particular, where the defendants offer a settlement conditioned on the waiver, partial waiver or compromise of fees or costs and Attorneys are unwilling to agree to the waiver, partial waiver or compromise. Client understands that this agreement to pay the difference between Attorneys' statutory fees and costs and the amount of fees and costs paid in settlement may limit, or even nullify Client's recovery, and dissuade her from agreeing to a settlement with the defendants. Client has been advised of the option of seeking additional legal counsel on the topic. Client expressly agrees to this provision because she knows that otherwise Attorneys would be unwilling to enter into this agreement.

(*Id*. ¶ 8, emphasis supplied.) With respect to how any award of attorneys' fees will be credited, and the potential conflict of interest that might raise, the agreements further state:

> ***The Court may order, or the parties to the litigation may agree, that the defendants will pay some or all of attorneys' fees, costs, or both. Any such order or agreement will not affect Client's obligations under this agreement except as stated in this Section*** regarding calculation of the amount of attorneys' fees owed under this agreement and as stated in Section 6. ***Client agrees that any***

3

*attorneys' fees that may be recovered from defendants in this case shall belong to Attorneys, to whom Client assigns her rights*. Client understands that, under California law, the assignment of these rights may raise a potential conflict of interest between Client and Attorneys in the context of settlement agreements.

This includes Attorneys right to claim, negotiate and settle any claim to statutory fees simultaneously with the representation of Client in the prosecution of her claims. ***Client has been advised of this potential conflict, of her option of seeking additional legal counsel in connection with this conflict, and Client expressly agrees to this assignment***.

(*Id.* ¶ 6, emphasis supplied.)

## II.  APPLICABLE LEGAL PRINCIPLES

### A.  Adequacy of Class Counsel

Under Rule 23, the Court has an obligation to ensure that putative class counsel is adequate, meaning that they do not have any conflicts of interest with class members and will prosecute the action vigorously on behalf of the class.  *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (2012) (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). Rule 23(g) offers guidance on assessing proposed class counsel.  Rule 23 (g) provides . . . "[i]n appointing class counsel, the court must consider certain factors, including counsel's work in investigating the claims, experience in handling similar claims and class action, knowledge of the applicable law, and resources counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  In addition, the Court "may" consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class" and "may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs."  Fed. R. Civ. P. 23(g)(1)(B), (C).  "A lawyer's unethical conduct, both before and during the litigation in question, is relevant to determining whether counsel is adequate under Rule 23."  *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1170 (C.D. Cal. 2014), *as amended* (May 1, 2014), *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016) (*citing Creative Montessori Learning Centers v. Ashford Gear LLC,* 662 F.3d 913, 918 (7th Cir.2011)).

### B.  Negotiation of Attorneys' Fees and Fee Waivers

In *Evans v. Jeff D.*, 475 U.S. 717 (1986) ("*Jeff D.*"), the United States Supreme Court held

the right to attorneys' fees under federal civil rights statutes vests in the prevailing *party*, not their attorney, such that attorneys lack standing to pursue statutory fees independently. A party may waive the right to statutory fees as a condition of settlement. *Id*. at 737-38. Following *Jeff D.*, the Ninth Circuit has held that counsel has no standing to seek attorneys' fees if his client waived them in settlement, and a client's assignment to their attorney of the right to seek statutory fees is unenforceable under California law. *Pony v. Cty. of Los Angeles*, 433 F.3d 1138, 1144 (9th Cir. 2006) ("plaintiff's right to seek statutory attorney's fees is not transferrable in California, and the retainer agreement's provisions to the contrary are void as a matter of law"). Applying *Jeff D.*, the Ninth Circuit concluded that "[a] prevailing party may waive her statutory eligibility for attorney's fees as a condition of settlement." *Id*. at 1142. A lump-sum settlement cannot be said to deprive counsel of any right or entitlement, given the uncertainty as to whether greater attorneys' fees could have been recovered, or whether the case would have settled at all, had the fees been negotiated separately. *Id*.

Further, the United States Supreme Court has found that the right to seek a statutory attorney fee award does not abrogate contractual contingent fee arrangements. *Venegas v. Mitchell*, 495 U.S. 82, 90 (1990). "What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order[; the statute]. . . . does not interfere with the enforceability of a contingent-fee contract." *Id.* In *Venegas*, the statutory fee award was less than the 40% contingent-fee arrangement to which the plaintiff had agreed, and the court held that plaintiff was obligated to pay the difference to her attorney. *Id.* On the other hand, a "contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees." *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989). Thus, if the statutory award exceeds the contingent fee amount, the remainder logically would belong to the client, absent an agreement to the contrary.

By contrast, the California Supreme Court has held that an award of statutory attorneys' fees pursuant to section 12965 of the FEHA is the property of the *attorney*. *Flannery v. Prentice*, 26 Cal.4th 572 (2001). Any proceeds of an attorney fee award under FEHA exceeding fees the client has already paid, absent a contractual agreement validly disposing of them, belong to the

5

attorneys whose work was the basis for the fees awarded. *Id.* at 577. In *Flannery*, after a jury trial and verdict in favor of plaintiff, the trial court awarded attorneys' fees under FEHA, Cal. Gov't Code 12965(b). As noted in *Flannery*, plaintiff conceded she had authorized counsel to seek an order that defendants pay her attorneys' fees at the conclusion of the underlying litigation. *Id.* at 581. Subsequently, however, Flannery sought a judicial declaration that she was entitled to the entire statutory fee award, contending she had entered into an oral agreement with her attorneys to pay them 40% of the net settlement or net jury award, and therefore any greater amount awarded belonged to her. *Id.* at 576. The court in *Flannery* concluded that "attorney fees awarded pursuant to section 12965 (exceeding fees already paid) belong, absent an enforceable agreement to the contrary, to the attorneys who labored to earn them." *Id.* at 590.

However, the *Flannery* court expressly did not reach the question of whether a plaintiff's right to waive statutory fees under FEHA "in order to effect settlement" differed from a plaintiff's right to waive statutory fees in settlement of federal civil rights claims:

> Obviously, it is not necessary that we deprive attorneys of FEHA fees in cases where they have in fact been sought and ***awarded*** in order to vindicate the principle that a civil rights plaintiff may, in order to effect settlement, agree to waive the right to seek fees.

*Flannery,* 26 Cal.4th at 587 (emphasis supplied). While the *Flannery* court did not address the precise issue of whether the client has a right to agree to a settlement which waives an award of statutory attorneys' fees in favor of a lump sum payment under California law, it is quite logical to conclude that these kinds of settlements are common.

### C.      Rules of Professional Conduct

In cases considering conflicts of interest in attorney representation, the Ninth Circuit refers to the local rules of the district to determine what standards govern an ethical violation. *White*, 993 F.Supp.2d at 1160 (citing *Rodriguez v. W. Publ'g Corp.,* 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."); *Image Technical Serv., Inc. v. Eastman Kodak Co.,* 136 F.3d 1354, 1357 (9th Cir.1998) (citing N.D. Cal. Local Rule 110–3) ("[S]tandards of professional conduct in the Northern District are those of California Rules of Professional Conduct.")).

In the wake of *Jeff D.*, the California State Bar has issued Formal Ethics Opinions concluding that:

(1) a lawyer is ethically obligated to inform a client that the client possesses, and can waive, the right to seek an award of statutory attorney's fees as a condition of settlement even though it may result in the lawyer not receiving remuneration for services performed (California State Bar Formal Opn. No. 1989-114); and

(2) a lawyer is ethically obligated to consummate a settlement in accordance with the client's wishes and cannot veto a settlement simply because it includes a fee waiver (California State Bar Formal Opn. No. 2009-176).

Only a client may decide whether to make or accept an offer of settlement. *Nehad v. Mukasey*, 535 F.3d 962, 970–71 (9th Cir. 2008) (citing *Estate of Falco,* 188 Cal.App.3d 1004, 1018 (1987) ("A client's right to reject settlement is absolute.")). It is generally held that the lawyer may not burden the client's ability to make settlement decisions by structuring the representation agreement so as to allow the lawyer to withdraw, or to ratchet up the cost of representation, if the client refuses an offer of settlement. *Id.*[3]

## III.  DISCUSSION

On its face, the retainer agreement's provisions create a conflict of interest between counsel and plaintiffs, as well as the putative class, which would preclude a finding that counsel is adequate under Rule 23. First, the retainer agreement states that any statutory attorneys' fees are the property of counsel. Characterizing a statutory fee amount as property of the attorney, regardless of whether they are awarded under state or federal law, is contrary to *Jeff D.*, 475 U.S. at 730-32. The operative complaint herein alleges both federal and state law claims, and *Jeff D.* is clear that a statutory fee award under federal civil rights statutes belongs to the prevailing parties, not their attorney.

_____

[3] Further, "California courts have often held that when the ethical violation in question is a conflict of interest between the attorney and the client (or between the attorney and a former client), the appropriate fee for the attorney is zero. . . . [a]t least . . . when the violation is one that pervades the whole relationship." *U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574, 579 (9th Cir. 1996) (citing cases) (abrogation on other grounds recognized by *United States v. Kim*, 806 F.3d 1161, 1174 (9th Cir. 2015)).

Next, the retainer agreement's assignment of rights to any statutory attorneys' fee award appears unlawful under *Jeff D.* and ineffective per *Pony*. The retainer agreement is vague as to the exact nature of the rights assigned when it states: "*any attorneys' fees that may be recovered from defendants in this case shall belong to Attorneys, to whom Client assigns her rights.*" (Friedman Decl. ¶ 6.) A "plaintiff's right to seek statutory attorney's fees is not transferrable in California, and [a] retainer agreement's provisions to the contrary are void as a matter of law." *Pony*, 433 F.3d at 1144. Attorneys may contract for an assignment of their clients' right to *collect*, as opposed to the right to *seek* statutory fees. Rutter, Cal. Prac. Guide Prof. Resp. Ch. 5-B ¶ 5:342. However, the agreement must advise the client of the adverse interest and obtain a clear written consent to waive the conflict. *See* Cal. Rules Prof. Conduct 1.8.1, 1.7(b) (former Rules 3-300 and 3-310). "Informed consent" means a person's agreement to a proposed course of conduct after the lawyer has communicated and explained (i) the relevant circumstances and (ii) the material risks, including any actual and reasonably foreseeable adverse consequences of the proposed course of conduct." Cal. Rules Prof Conduct 1.0.1.

Third, and more critically, the retainer agreement's penalty for exercising the right to settle for a lump sum that waives a statutory fee award—paying twice the attorney's lodestar regardless of whether it leaves the client with no recovery—does not appear on its face to be lawful under either *Jeff D.* or *Flannery*. The United States Supreme Court's decision in *Jeff. D.* clearly affirms a client's right to waive an award of statutory fees in furtherance of a settlement. While *Jeff D.* held out the possibility that a court might reject a fee-waiver settlement when the waiver was part of a "vindictive" policy or practice to frustrate the objectives of protective legislation, it found no merit to the argument there. *Jeff D.*, 475 U.S. at 739-40. The California Supreme Court in *Flannery* suggested that a waiver of statutory fees in furtherance of a settlement was permissible, even though an actual fee *award* was the vested property of the attorney. *Flannery,* 26 Cal.4th at 587. *Flannery* did not hold that a *settlement* of claims in which statutory fees could have been obtained entitled the attorney to be paid all such fees from the settlement proceeds. Denying a client's ability to enter into a settlement for a lump sum unless the client agrees to pay the attorneys at twice their normal billing rate effectively gives attorneys the ability to veto any

settlement in which they deem the fee allocation unsatisfactory. Neither *Jeff D.* nor *Flannery* support such a position, nor does plaintiffs' attorney cite any authority that does. *Cf. Nehad*, 535 F.3d at 970–71 ("the lawyer may not burden the client's ability to make settlement decisions by structuring the representation agreement so as to. . . ratchet up the cost of representation, if the client refuses an offer of settlement.").

Moreover, the notion that the attorney may reject a settlement offer because the attorney fees are insufficient is contrary to California ethics rules. *See* California State Bar Formal Opn. No. 2009-176 (prohibiting an attorney from vetoing a settlement that includes a statutory fee waiver). The California Court of Appeal has recognized an "inherent conflict of interest" where a plaintiff's attorney insists on negotiating the amount of damages payable to the plaintiff separately from the award of attorneys' fees. *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 923, 925-26 (1994). The conflict arises from the attorney's duty of loyalty because it permits an attorney to take an approach to settlement negotiations that maximizes the attorneys' fees at the expense of the client's recovery. *Id*. at 916-17. The court in *Ramirez* held that such a conflict did not necessarily invalidate a settlement agreement, but that a court must carefully review whether the agreement was fair and reasonable and not tainted by the conflict. *Id*. at 925. "As with other situations involving a conflict of interest, in the absence of any evidence to the contrary it will be presumed that the conflict prejudiced the client." *Id*.

Here, the apparent conflict extends farther than in *Ramirez*. The retainer agreement requires that plaintiffs allow settlement of attorneys' fees to be negotiated separately from their damages, or else they forfeit the ability to pay fees on a contingency basis, instead owing their attorney double his full hourly rate.[4] In the absence of evidence confirming the clients knowingly consented to such a penalty, the Court presumes the clients here would be prejudiced by the conflict. *Ramirez*, 21 Cal.App.4th at 925. Moreover, the Court has considerable doubt that such a provision would be deemed "fair and reasonable" even if consent was given. *Cf*. Cal. Rules Prof.

---

[4] The conflict here crystallized in counsel's settlement communications, wherein counsel stated plaintiff Gamble was willing to settle her claim for damages for $190,000, but that any settlement would require defendant to pay counsel's fees at the "compromise" rate of 1.5 times his lodestar (or $240,000) as well. (Dkt. No. 111-1 at 2.)

Conduct 1.8.1 (terms of transactions between client and attorney must be "fair and reasonable"). Regardless, the apparent conflict raises serious concerns as to Counsel's adequacy.[5]

The Court therefore **ORDERS** that all proceedings herein, including any pending discovery, are **STAYED**.  In light of plaintiffs' counsel's representation that he does not want to continue if the retainer agreement would create a conflict, plaintiffs shall file a statement with the Court no later than **August 23, 2019**, regarding their plan to proceed with this action.  In addition, plaintiffs' counsel shall provide a copy of this Order to the plaintiffs and certify compliance.

The Court **SETS** a compliance hearing for 9:01 a.m. on Thursday, **August 29, 2019**, in Courtroom 1, United States District Courthouse, 1301 Clay Street, Oakland.  If plaintiffs have filed their statement timely, the compliance hearing will be vacated and no appearance will be required.

**IT IS SO ORDERED.**

Dated: July 19, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[5] In addition, as expressed previously, the Court is also concerned that counsel is not adequate due to: (1) a history of requesting extensions based upon the stated insufficiency of his resources and overscheduling; and (2) lack of compliance with the local rules.  (*See, e.g.*, Dkt. Nos. 26, 49, 83, 109.)