# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUNELL GAMBLE, ET AL.,** <br> Plaintiffs, <br> vs. <br> **KAISER FOUNDATION HEALTH PLAN, INC., ET AL.,** <br> Defendants. | CASE NO. 17-cv-06621-YGR <br><br> **ORDER TO SHOW CAUSE RE: REFERRAL TO CALIFORNIA STATE BAR AND NOTIFICATION IN PENDING ACTIONS** |

On July 19, 2019, the Court issued an Order Denying Plaintiffs' Rule 16 Motion. (Dkt. No. 134 ["July 19 Order"].) In summary, the July 19 Order denied plaintiffs' counsel Jeremy Friedman's request for an order requiring attorneys' fees to be either separately negotiated or determined by the Court in connection with an individual settlement with the named plaintiffs. The Order noted the unusual procedural posture of the request and explained the Court lacked the authority to provide the requested relief. However, the July 19 Order also outlined the conflict created by Mr. Friedman's retainer agreement. Thereupon, the Court stayed the instant action and directed Mr. Friedman to submit a status statement to address his plan to proceed with this action on behalf of the named plaintiffs and of the putative class. (*Id.*)

The Court is in receipt of Mr. Friedman's statement filed in response to Court's July 19 Order. (Dkt. No. 137 ["Statement"].) The Court finds the Statement inadequate to address the concerns raised in the order, in particular because Mr. Friedman ignores much of the substance discussed therein.

A "district court generally must control the professional conduct of attorneys who practice before it." *Kaiser Steel Corp. v. Frank Coluccio Const. Co.*, 785 F.2d 656, 658 (9th Cir. 1986). Such concerns take on greater importance in the context of a putative class action. At the same

United States District Court
Northern District of California

time, a court must also avoid "the risk of interfering with a [named] party's qualified right to select counsel" of their choosing. *Id.* Nevertheless, counsel are "subject to disqualification if an unwaivable conflict exists. . . ." *Great Lakes Constr., Inc. v. Burman*, 186 Cal. App. 4th 1347, 1355, (2010) (concurrent representation conflict); *see also Flatt v. Superior Court*, 9 Cal. 4th 275, 284 (1994) ("classic case" of a simultaneous conflict of interest is "an attorney's interests in conflict with those of the client").

Here, Mr. Friedman continues to request that the Court pre-approve his retainer agreement with the plaintiffs (with proposed modifications) and misapprehends the Court's July 19 Order as mainly being concerned with the multiplier. As detailed in the Court's July 19 Order, the retainer agreement is not a standard agreement and attempts to guarantee for Mr. Friedman a contractual right for payment of fees in the event that his client agrees to a settlement which results in an amount of attorneys' fees that Mr. Friedman deems unsatisfactory.

The Court notes that Mr. Friedman previously litigated the subject of a lump-sum settlement with an attorney fee waiver, and an ensuing dispute between Mr. Friedman and his clients regarding payment of attorneys' fees in *Hill v. Kaiser Foundation Health Plan*, 2015 WL 5138561, 3:10-cv-2833-LB. The retainer agreements in *Hill* apparently were substantially similar to those at issue here. The *Hill* court's refusal to award Mr. Friedman additional attorneys' fees from his former clients was affirmed by the Ninth Circuit. *Berne v. Kaiser Foundation Health Plan Inc.*, 719 Fed.Appx. 651 (2018). Moreover, it appears that the State Bar of California addressed the issue and similarly concluded that the nature of the agreement creates an unwaivable conflict. State Bar Standing Committee on Prof. Responsibility and Conduct Formal Opn. No. 2009-176.

The Court finds that it is for the State Bar to determine, in the first instance, whether an attorney's conduct is in violation of the Rules of Professional Conduct established by that body. Thus, for the reasons set forth herein and in the Court's July 19 Order, **PLAINTIFFS' COUNSEL JEREMY FRIEDMAN IS ORDERED TO SHOW CAUSE**:

(1) why this Court should not refer the matter of Counsel Jeremy Friedman's retainer agreement with plaintiffs herein to the California State Bar for a determination of whether the

United States District Court / Northern District of California

retainer agreement violates the Rules of Professional Conduct of the State Bar of California or the California Business and Professions Code by no later than **September 17, 2019**; and

(2) why Counsel Jeremy Friedman should not be ordered to notify the courts in any other pending litigation where his clients have entered into a similar retainer agreement of this Order and of the provisions of the retainer agreement concerning attorney fee assignment and consequences of compromising statutory attorneys' fees.

Counsel's written response to this Order to Show Cause shall be filed no later than **September 16, 2019**. Failure to file a response timely shall be deemed a concession that the referral is appropriate and order stated above should issue.

The stay of the instant action previously ordered is maintained.

**IT IS SO ORDERED.**

Dated: August 30, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**