Jeremy L. Friedman, CA Bar No. 142659
LAW OFFICE OF JEREMY L. FRIEDMAN
2801 Sylhowe Road
Oakland, CA 94610
Tel: (510) 530-9060
Fax: (510) 530-9087
jlfried@comcast.net

Attorney for plaintiffs and putative class

Merri A. Baldwin, CA Bar No. 141957
ROGERS JOSEPH O'DONNELL, a PLC
311 California Street, 10th floor
San Francisco, CA 94104
Tel: (415) 956-2828
Fax: (415) 956-6457
mbaldwin@rjo.com

Counsel for Responding Attorney Jeremy L. Friedman

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNELL GAMBLE, and SHEILA KENNEDY, on behalf of themselves as well as a class of similarly situated individuals,<br><br>    Plaintiff<br><br>vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC; KAISER FOUNDATION HOSPITALS, INC.; and THE PERMANENTE MEDICAL GROUP; all doing business as KAISER PERMANENTE MEDICAL CARE PROGRAM<br><br>    Defendants | Case No. 4:17-cv-06621-YGR<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL A DECLARATION IN SUPPORT OF RESPONSE TO ORDER TO SHOW CAUSE** |

    Pursuant to Local Rules 7-11 and 79-5, plaintiffs seek leave to file under seal a declaration of plaintiff Gamble in support of responding attorney's response to the Order to Show Cause issued on August 30, 2019 (ECF 140). In the declaration – as in plaintiffs' Rule 16 motion – Ms. Gamble refers to matters that took place during a mediation that occurred before this case was removed to federal court.

As noted in the Rule 16 motion, plaintiffs were concerned about possible application of the California mediation privilege. *See* Evid. Code §1119. Although plaintiffs refrained from including post-mediation communications along with the Rule 16 motion out of a concern over application of the California privilege, plaintiffs were granted leave to file under seal a post-mediation exchange of correspondence along with the reply.

In opposition to the Rule 16 motion, Kaiser cited to *Sony Comput. Entm't Am., LLC v. HannStar Display Corp. (In re TFT-LCD (Flat Panel) Antitrust Litig.)*, 835 F.3d 1155, 1158-59 (9th Cir. 2016), where the Ninth Circuit hold the California mediation privilege does not apply to the mediation of mixed federal and state law claims. In this case, because the Superior Court had granted leave to add a federal claim under §1981, and because plaintiffs understood the parties to attempt to settle and release Kaiser on federal and state law claims, under *Sony* the California privilege seemingly does not apply. Courts in this jurisdiction do not recognize a federal "settlement privilege" beyond the reach of Rule 408 of the Federal Rules of Evidence. *See Big Baboon Corp. v. Dell, Inc.*, 2010 U.S. Dist. LEXIS 108027, at *14-16 (C.D. Cal. 2010) ("courts in the Ninth Circuit have been reluctant to adopt" a settlement privilege); *Phoenix Solutions, Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-585 (N.D. Cal. 2008) (party failed "to put forth a persuasive case for a settlement privilege"); *Matsushita Elec. Indus. Co. v. Mediatek, Inc.*, 2007 U.S. Dist. LEXIS 27437, at *12-20 (N.D. Cal. 2007) ("any federal settlement privilege is contrary to the enactment approved by the legislature").

Under Rule 408, settlement communications may not be admitted "either to prove or disprove the validity or amount of a disputed claim" but may be admitted "for another purpose." Here, plaintiffs seek to introduce the declaration of Ms. Gamble *not* to prove the validity or amount of a disputed claim, but to address issues of conflict and violation of Rules of Professional Conduct in connection with the Court's Order to Show Cause.

Because the declaration involves matters during the confidential mediation, and in light of the Court's order sealing the post-mediation correspondence, the Court should find that the declaration is confidential, and not for public disclosure. The declaration is

pertinent to a non-dispositive motion, and are therefore subject to sealing by the district court on a showing of "good cause." *See Traylor Bros. v. San Diego Unified Port Dist.*, 2009 U.S. Dist. Lexis 53827 *5 (S.D. Cal. 2009) ("To warrant sealing documents attached to a non-dispositive motion, the party seeking protection must show good cause under Rule 26(c)"). Here, as stated in the publicly filed supplemental declaration of counsel, good cause is shown to keep the declaration sealed along with the Rule 16 reply exhibits.

## CONCLUSION

For the foregoing reasons, plaintiffs request the Court grant leave to file under seal the Declaration of Lunell Gamble and an exhibit filed in support of responding counsel's response to the August 30, 2019, Order to Show Cause.

Respectfully submitted,

Dated: September 16, 2019     LAW OFFICE OF JEREMY L. FRIEDMAN

By: /s/Jeremy L. Friedman
Jeremy L. Friedman
Attorney for plaintiffs and putative class

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the Court for the Northern District of California, by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Jeremy L. Friedman
Jeremy L. Friedman