UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUNELL GAMBLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>Defendants. | Case No. 17-cv-06621-YGR (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 202 through 213 |

In their Fourth Amended Complaint ("FAC"), Plaintiffs Lunell Gamble and Sheila Kennedy sue various Kaiser entities on behalf of themselves as well as a class of similarly situated individuals. ECF No. 101. The gist of the FAC is that Kaiser allegedly has a practice of discriminating against African American employees. *Id*. ¶ 1. Plaintiff Gamble worked in Kaiser's HR department for 16 years until she was terminated in 2014. *Id*. ¶ 7. Plaintiff Kennedy worked in various positions at Kaiser for 18 years until she was terminated in 2016, including CPRD related positions of intern, substance abuse counselor, and instructor at the domestic violence program. *Id*. ¶ 8. The class they seek – or, at least, sought – to represent consists of all African Americans or persons of African descent who were employed by Kaiser in the Northern California region who were denied a promotion or an employment opportunity, were involuntarily terminated, or who made or assisted in the making of a complaint related to any employment issue. *Id*. ¶ 17.

Judge Gonzalez Rogers issued a scheduling order that included a June 24, 2022 deadline to bring discovery motions before the undersigned magistrate judge. ECF No. 197. Plaintiffs have filed seven (ECF Nos. 202-08), to which Defendants have responded. ECF Nos. 209-13. Let's start with the first six.

Discovery letter brief No. 1 (ECF No. 202) "seeks to have defendants state all data and information, or identify documents containing such data, as required by OFCCP regulations . . ." Plaintiffs state that "[b]ecause it is a contractor for federal funds, Executive Order 11246 requires Kaiser to conduct self-audits and adopt affirmative action plans, and to submit to desk audits, site visits and offsite analysis by OFCCP." The key word in Plaintiffs' motion to compel is *all*. Plaintiffs argue that "[l]imiting production to only those 'establishments' where plaintiffs worked was improper. Plaintiffs seek discovery into the company's knowledge of discriminatory patterns, not just those patterns that might be seen in 'establishments' where plaintiffs worked."

Discovery letter brief No. 2 (ECF No. 203) "seek[s] to compel production of underlying data necessary to determine whether Kaiser terminates African Americans using stereotypical assumptions. Such data must include data on all Involuntary Terminations at any NCAL location by job title, the racial make up of such terminations and data on incumbency." Plaintiffs state that "Defendants limited [their] responses to data on employees who were involuntarily terminated while employed at locations plaintiffs worked, and to EEO job group 5B – Clerical," but Plaintiffs "seek to obtain data on involuntary terminations company-wide . . ."

Discovery letter brief No. 3 (ECF No. 204) "seeks to compel production [of] information and documents related to complaints by African American employees who were at some point involuntarily terminated. Such discovery must not be limited to 'facilities' where plaintiffs worked only, to complaints of racial discrimination only, or to internal complaints only." Plaintiffs are clear that they "seek a list of information associated with complaints by other African Americans terminated from any NCAL location." Plaintiffs state that "Defendants refused to produce discrimination complaints by employees at locations other than where plaintiffs worked, or filed in the courts."

Discovery letter brief No. 4 (ECF No. 205) seeks "to compel production information and documents related to investigations of, and responses to, complaints by terminated African American employees. Such discovery must not be limited to facilities where plaintiffs worked, and should be sufficient to allow for the testing of credibility of the employer's claim that it reasonably and fairly investigates complaints and finds them all to be without factual

substantiations." Plaintiffs argue that "Kaiser's limitation of its responses to only the facilities where plaintiffs worked shows why the responses are deficient."

Discovery letter brief No. 5 (ECF No. 206) seeks "to compel production of information and documents related to the resolution of complaints by terminated African American employees. Such discovery must not be limited in geographic scope, and should be sufficient to allow the Court or the jury to obtain a complete picture of the otherwise hidden costs to the employer for maintaining its pattern and practice of racial discrimination."

Discovery letter brief No. 6 (ECF No. 207) "seeks to have defendants 'identify each person and each document related to any employee who was disciplined, counseled, terminated or otherwise subjected to any employment action because of a violation or alleged violation of any policy against workplace race discrimination;' and to produce related documents."

Following these submissions, on June 25, 2022, Plaintiffs filed a Notice of Waiver of Class Certification and Statement of Intent to Proceed as an Individual Action. ECF No. 215. Plaintiffs state that they "waive their right to seek class certification, and that they intend to pursue the case as an individual action." Plaintiffs also "request that the Court rule on pending discovery letter briefs (ECF Nos. 202-214) notwithstanding this waiver." Plaintiffs state that "[n]otwithstanding plaintiffs' waiver of the right to pursue class certification, plaintiffs request that the Court compel further responses to the discovery in connection with their individual claims."

The first six letter briefs are easy to resolve because discovery must be "proportional to the needs of the case," Fed. R. Civ. Proc. 26(b)(1). With the class claims gone, there is no conceivable justification for this sweeping discovery in what is now a two-plaintiff employment dispute. Accordingly, discovery letter briefs Nos. 1-6 are **DENIED**.

Discovery letter brief No. 7 (ECF No. 208) is really just an opposition to Defendants' motion for a protective order concerning Plaintiffs' Rule 30(b)(6) deposition notice (ECF No. 213). The four topics in the Rule 30(b)(6) deposition notice (*see* ECF No. 214, Ex. 6) were plainly written with a class action in mind. The sweeping breadth of these topics is not proportional to the needs of a two-plaintiff employment dispute. Accordingly, Plaintiffs' 30(b)(6) deposition notice is **QUASHED**.

1     This order terminates ECF Nos. 202 through 213.

2     **IT IS SO ORDERED.**

4  Dated: June 27, 2022

_____
THOMAS S. HIXSON
United States Magistrate Judge